RECEIVED

2004 JUL 27  A 10: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PACIFIC INSURANCE COMPANY, LTD.,      *
                                      *
            Plaintiff,                *
                                      *
vs.                                   *      CASE NO.: 2:03-cv-0838-A
                                      *
LIBERTY MUTUAL INSURANCE              *
COMPANY,                              *
                                      *
            Defendant.                *

### LIBERTY MUTUAL'S REPLY BRIEF
### IN SUPPORT OF THIS MOTION FOR SUMMARY JUDGMENT

Comes now, Liberty Mutual Insurance Company, in response to the brief in
opposition filed by Pacific Insurance Company states as follows:

1. This defendant, Liberty Mutual Insurance Company, believes, based upon the
evidence before the court, that it is entitled to summary judgment as set out in its earlier
brief. The brief in opposition filed by Pacific Insurance Company appears to concentrate
mostly on whether or not Pacific Insurance Company and Liberty Mutual Insurance
Company are required to share equally in cost of defense and indemnification in this matter
as a result of Gulf State Paper Corporation's inclusion as an additional insured under the
Safe Seal policy. Once again, Pacific appears to disregard the fundamental relationship
between the parties and the obligations flowing from the agreement entered into between
Pacific's insured, Safe Seal, and Liberty's insured, Gulf State Paper. Under that contract,
Safe Seal agreed to indemnify, defend and hold harmless Gulf State Paper from claims
arising out of the work performed at Gulf State Paper's plant, provided the injury or damage
did not arise out of the sole negligence of Gulf State Paper. Pacific, in its policy with Safe

Seal, agreed to indemnify and defend Safe Seal from and against any and all liability Safe Seal assumed under contract as set out in the policy. If, as Liberty Mutual contends, the indemnity provision of the Safe Seal/Gulf State Paper contract clause and Pacific's obligation to indemnify and defend its own insured, Safe Seal, under the policy is valid, Pacific's duty and obligation extending to its insured, Safe Seal, is first and foremost under the policy. Pacific's obligations to its own insured, Safe Seal, are independent of those owed to Gulf State Paper as an additional insured under the policy. Pacific's obligation to indemnify and defend its insured is primary. The fact that Gulf State Paper is listed as an additional insured, while providing additional protection and benefits to Gulf States Paper, does not alter Pacific's obligation to its own insured, Safe Seal to indemnify and defend it from all obligations assumed under contract.

If, as Liberty Mutual believes, the indemnity provisions and contractual liability policy and provisions of the policy control, then Pacific would be responsible, as the primary insurer, for the amounts paid both for indemnification and defense. Only after exhausting the primary limits would Liberty Mutual and Pacific then begin to share liability for defense of Liberty's insured and Pacific's additional insured, Gulf State Paper. In the event, the court finds that the contractual obligations are not controlling and that the naming of an additional insured controls the obligations between the parties, then Liberty Mutual agrees with Pacific that the defense and indemnification clause would be, under Alabama law, shared equally.

It is true, that the defendant's motion for summary judgment was filed less than 90 days before the previously scheduled pretrial date. The plaintiff has not been prejudiced or damaged in any way by the filing of the motion within 90 days of the pretrial conference.

In addition, Federal Courts have held that a party which files a motion for summary judgment runs the risk of having summary judgment granted against it either by motion or *sua sponte* by the court. See: *Massey vs. Congress Life Insurance Co.*, 116 F.3d 1414 (11th Cir. 1997). Consequently, federal practice implies than an appropriate response to a party's motion for summary judgment is the filing of a countervailing motion on behalf of the nonmoving party which can then be ruled upon by the court. In this instance, the court, on its own, would have the ability to enter summary judgment against Pacific based solely upon its motion, provided the appropriate notice requirements were complied with. Liberty Mutual, as part of its response, has asked the court to enter summary judgment against Pacific and to provide Pacific with an ample opportunity to respond. That has occurred, and the court, without prejudice to Pacific, can now rule on the competing motions.

This defendant respectfully requests the court enter summary judgment in its favor for reasons set forth above and in its previous brief.

DENNIS McKENNA

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26th day of July, 2004 served a true and correct copy of the foregoing instrument on the below listed counsel of record by mailing the same United States mail, properly addressed and first class postage prepaid, to-writ:

Flynn Mozingo
Melton, Espy, & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103-5130

DENNIS McKENNA